# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ALICIA WILMOTH, on behalf of herself and others similarly situated, | )<br>)<br>)    Jury Trial Demanded |
| Plaintiffs, | )<br>) |
| vs. | )    Case no.: 1:21-cv-1507<br>) |
| STEAK N SHAKE, INC. (an Indiana Corporation), and | )<br>)<br>) |
| SARDAR BIGLARI | )<br>) |
| Defendants. | )<br>) |

## COMPLAINT
### Collective Action under the Fair Labor Standards Act

**COMES NOW**, the Plaintiff Alicia Wilmoth, on behalf of herself and all others similarly situated, and brings this collective class action under § 216(b) of the Fair Labor Standards Act against Defendants Steak N Shake, Inc. and Sardar Biglari for damages and other relief as follows:

## NATURE OF ACTION

1. Plaintiff brings this collective action claim pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") on behalf of herself and a class of other similarly situated current and former "Managers" employed by Defendants at their corporate owned "Steak N Shake by Biglari" restaurants throughout the United States. Plaintiff alleges that these Managers are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate

the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), since the Defendants conduct business and can be found in the Southern District of Indiana, and the cause of action set forth herein has arisen and occurred in part in New Castle, Henry County, Indiana. Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within Indiana, and this judicial district.

**PARTIES**

4. Defendant Steak N Shake, Inc. ("Steak N Shake") is an Indiana corporation registered to do business and in good standing in the state of Indiana that serves food and drink products at restaurants (or "stores") operating under the name "Steak N Shake by Biglari." It's principal place of business is located at 107 S. Pennsylvania, Ste. 400, Indianapolis, Indiana 46204. Its registered agent is the Corporation Service Company, 135 N. Pennsylvania Street, Ste. 1610, Indianapolis, Indiana 46204. Steak N Shake, Inc. is a wholly owned subsidiary of Biglari Holdings, Inc.

5. Defendant Sardar Biglari is the President and Chief Executive Officer of Defendant Steak N Shake, Inc. Sardar Biglari is also the Chairman and Chief Executive Officer of Biglari Holdings, Inc. Sardar Biglari is the majority shareholder of Biglari Holdings, Inc., and in turn, the majority shareholder of Steak N Shake, Inc. Sardar Biglari's place of business as President of Steak N Shake, Inc. is 107 S. Pennsylvania, Ste. 400, Indianapolis, Indiana 46204. Biglari's principal place of business as President and CEO of Biglari Holdings, Inc. is 17802 IH 10 West, Ste. 300 San Antonio, Texas 78257. Sardar Biglari is a resident of San Antonio, Texas.

6. At all relevant times herein, the Defendants operate over 276 corporate owned retail restaurants throughout the United States including fifty (50) or more Steak N Shake restaurants in Indiana. This includes a Steak N Shake restaurant where Plaintiff worked as a Manager located in New Castle, Henry County, Indiana. In addition to Indiana, Steak N Shake operates 226 other locations in fifteen (15) other states.

7. Upon information and belief, Defendants gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

8. Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Plaintiff Alicia Wilmoth currently resides in Anderson, Indiana.

10. Plaintiff, and others similarly situated as alleged herein, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

11. Each of Defendants' retail restaurants are modeled to be staffed with the following positions that Defendants designated as exempt from overtime pay within the past three years of this filing (listed in their respective chain of supervision): "General Manager," "Restaurant Manager" [at some, but not all locations], and one or more "Managers."

12. In addition to these designated overtime exempt positions set forth in paragraph 11, Defendants also employ numerous employees they have designated as overtime eligible (or nonexempt) at each retail restaurant such as Operation Supervisors, Production Trainers, Service Trainers, Production Workers, and Servers (hereafter collectively referred to as "nonexempt restaurant workers").

13. Plaintiff Wilmoth was employed by Defendants as an exempt "Manager" from approximately September 2018 through January 2019. Plaintiff worked at Defendants' Steak N Shake restaurant located at 23 Executive Drive, New Castle, Henry County, Indiana.

14. Regardless of location, Defendants have a uniform corporate-wide job description for Managers setting forth their alleged job duties, requirements, responsibilities and designating this position as exempt from overtime pay.

15. Regardless of location, all of Defendants' Managers, including the Plaintiff, have the same or similar primary job duties which are controlled in every aspect by Defendants' centralized corporate policies and procedures.

16. Regardless of location, the Plaintiff's and other Managers' primary job duties involved spending the vast majority of their time performing the job tasks of nonexempt restaurant workers, whereby they exercised little to no managerial responsibilities, were not free from supervision, and were effectively paid an hourly rate equivalent to the nonexempt restaurant workers. If Plaintiff and other similarly situated employees failed to perform these primary duties, the restaurant operation would fail.

17. Regardless of location, within three years of filing this Complaint, the Defendants classified all Managers, including the Plaintiff, as exempt from overtime compensation under the FLSA.

18. During her employment with the Defendant as a Manager, the Plaintiff and other similarly situated employees, were routinely scheduled on a weekly basis to work 50 hours per workweek.

19. Plaintiff, and other similarly situated employees, never received overtime pay for hours worked in excess of forty per workweek and would also have weeks where they worked in excess of 50 hours. On a weekly basis while working as a Manager, the Plaintiff Wilmoth worked an average of approximately 50-52 hours per week.

20. On February 26, 2019, a federal jury returned a verdict on behalf of a class of Managers working at Defendants' corporate owned restaurants in the state of Missouri under Missouri's wage laws, and Managers working in Defendants' St. Louis Group Market unded the FLSA, finding that this position was not exempt from overtime pay under the FLSA's executive, administrative, and combination exemptions and that overtime was owed. *See Drake, et al. v. Steak N Shake, Inc.*, case no. E.D.Mo. 4:14-cv-1535-JAR (Doc. 324).[1]

21. Defendant Sardar Biglari, in his position as President and CEO of Steak N Shake, Inc., exerts control over areas of management at corporate owned restaurants throughout the United States including Indiana. He determined the terms and conditions of employees' employment, and in particular to the allegations made herein regarding Managers, was responsible for deciding that Managers were overtime exempt—even after a federal jury and court concluded otherwise two years earlier in *Drake, supra*. Up through the filing of this Complaint, Defendants continue to treat Managers as overtime exempt.

22. Upon information and belief, Defendants did not keep accurate records of all hours worked by Plaintiff and others similarly situated as required by the FLSA.

## COUNT I
## COLLECTIVE CLASS ACTION CLAIM UNDER FLSA

23. Plaintiff, on behalf of herself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

24. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

---

[1] The court entered its final judgment and order granting liquidated damages for Steak N Shake, Inc. Managers. *Drake v. Steak N Shake Operations, Inc*, 4:14-CV-01535-JAR, 2019 WL 2075895 (E.D. Mo. May 10, 2019).

25. Plaintiff files this action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b). The proposed collective for the FLSA claims is defined as follows:

> All persons who worked, or will work during the liability period, as Managers for Defendants at its corporate owned "Steak 'n Shake" restaurants located in the United States at any time within three years prior to the filing of this Complaint — but excluding any persons who consented to join and participated in the settlement agreement reached in *Drake, supra*, [the *Drake* settlement also included FLSA opt-in plaintiff Managers from a related matter: *Clendenen, et al. v. Steak N Shake, Inc.*, case no.: E.D.Mo. 4:17-cv-1506][2] (hereafter Plaintiff's proposed class is referred to as the "FLSA Collective").

26. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of the Plaintiff are similar to the FLSA Collective.

27. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of 40 hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

28. Plaintiff, and the FLSA Collective, are similarly situated in that are all subject to Defendants' same policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of 40 hours per workweek, perform the same or similar primary duties, and are all subject to the same pay policy and practice of failing to pay Managers' overtime for hours worked in excess of forty per workweek.

29. Defendants are liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime pay owed.

---

[2] The court in *Drake* approved a global settlement which included the *Clendenen* opt-in class of plaintiff Managers. *See Drake v. Steak N Shake, Inc.*, 4:14-CV-1535-JAR, 2019 WL 12104295, at *1 (E.D. Mo. July 26, 2019).

30. Plaintiff and the FLSA Collective are victims of Defendants' widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

32. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

33. The Plaintiff and the FLSA Collective have suffered from Defendants' common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**PRAYER FOR RELIEF**

Plaintiff Alicia Wilmoth, on behalf of herself and the FLSA Collective, seek the following relief:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendants finding they failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay for all overtime hours worked as required under the FLSA;

c) Judgment against Defendants for Plaintiff and those similarly situated for damages for unpaid overtime pay;

    d)    An amount equal to their damages as liquidated damages;

    e)    A finding that Defendants' violations of the FLSA are willful;

    f)    All costs and attorneys' fees incurred prosecuting this claim;

    g)    An award of prejudgment interest (to the extent liquidated damages are not awarded);

    h)    Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

    i)    Leave to amend to add additional state law claims; and

    j)    All further relief as the Court deems just and equitable.

<u>Request for Jury Trial</u>

The Plaintiff hereby requests a jury trial to be held in Indianapolis, Indiana for all claims asserted herein.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:   (816) 221-7100
Fax:   (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig*
6614 Clayton Road, #320
St. Louis, Missouri 63117
Tel:   (314) 297-8385
Fax:   (816) 709-1044
dan@donelonpc.com

Pete Winebrake*
R. Andrew Santillo*
**Winebrake & Santillo, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

**Attorneys for Plaintiff**

*\*motion for pro hac vice forthcoming*