IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALICIA WILMOTH, BRANDON SCOTT, and ALBERT DIANA, on behalf of themselves and others similarly situated, | )<br>)<br>)<br>)<br>) Jury Trial Demanded |
| Plaintiffs, | )<br>) |
| vs. | ) Case no.: 1:21-cv-1507-TWP-MG<br>)<br>) |
| STEAK N SHAKE, INC. (an Indiana Corporation), and | )<br>)<br>) |
| SARDAR BIGLARI | )<br>) |
| Defendants. | ) |

**AMENDED COMPLAINT**
Collective Action under the Fair Labor Standards Act
Rule 23 Class Action Claims under IL & OH Wage Laws

**COME NOW**, the Plaintiffs Alicia Wilmoth, Brandon Scott, and Albert Diana on behalf of themselves and all others similarly situated, and bring this collective class action under § 216(b) of the Fair Labor Standards Act and under Fed.R.Civ.P. 23 for claims under the Illinois Minimum Wage Law and Ohio's Minimum Fair Wage Standards Act against Defendants Steak N Shake, Inc. and Sardar Biglari for damages and other relief as follows:

**NATURE OF ACTION**

1. Plaintiff Alicia Wilmoth brings a collective action claim pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") on behalf of herself and a class of other similarly situated current and former "Managers" employed by Defendants at their corporate owned "Steak N Shake by Biglari" restaurants throughout the United States. Plaintiff alleges that these Managers are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

2. Plaintiff Brandon Scott brings a claim, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated current and former "Managers" employed by Defendants at their corporate owned "Steak N Shake by Biglari" restaurants within the State of Illinois, that pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

3. Plaintiff Albert Diana brings a claim, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated current and former "Managers" employed by Defendants at their corporate owned "Steak N Shake by Biglari" restaurants within the State of Ohio, that pursuant to Ohio's Minimum Fair Wage Standards Act ("MFWSA"), Ohio Rev. Code Ann. ("O.R.C.") § 4111, *et seq.*, they are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

## PARTIES

4. Defendant Steak N Shake, Inc. ("Steak N Shake") is an Indiana corporation registered to do business and in good standing in the state of Indiana that serves food and drink products at restaurants (or "stores") operating under the name "Steak N Shake by Biglari." It's principal place of business is located at 107 S. Pennsylvania, Ste. 400, Indianapolis, Indiana 46204. Its registered agent is the Corporation Service Company, 135 N. Pennsylvania Street, Ste. 1610, Indianapolis, Indiana 46204. Steak N Shake, Inc. is a wholly owned subsidiary of Biglari Holdings, Inc.

5. Defendant Sardar Biglari is the President and Chief Executive Officer of Defendant Steak N Shake, Inc. Sardar Biglari is also the Chairman and Chief Executive Officer of Biglari Holdings, Inc. Sardar Biglari is the majority shareholder of Biglari Holdings,

Inc., and in turn, the majority shareholder of Steak N Shake, Inc. Sardar Biglari's place of business as President of Steak N Shake, Inc. is 107 S. Pennsylvania, Ste. 400, Indianapolis, Indiana 46204.

6. At all relevant times herein, the Defendants operate over 276 corporate owned retail restaurants throughout the United States including fifty (50) or more Steak N Shake restaurants in Indiana, forty-seven (47) or more in Illinois, and forty (40) or more in Ohio.

7. Upon information and belief, Defendants' gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

8. Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. Plaintiff Wilmoth, and others similarly situated as alleged herein, are current or former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

10. At all relevant times, Defendants have been, and continue to be an "employer" as defined under IMWL, 820 ILCS § 105/3(d). At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," such as the Plaintiff Scott, and all similarly situated employees, as defined under IMWL 820 ILCS § 105/3(d).

11. Defendants' annual gross volume of sales made for business done in the state of Ohio is one hundred fifty thousand dollars or more during all relevant times alleged herein.

12. At all relevant times, Defendants have been, and continue to be an "employer" as defined under MFWSA, O.R.C. § 4111.03(D)(2) and § 4111.14(B). At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," such as the Plaintiff Diana, and all similarly situated employees, as defined under O.R.C. § 4111.03(D)(2) and § 4111.14(B)(1).

3

13.     Plaintiff Alicia Wilmoth currently resides in Anderson, Madison County, Indiana.

14.     Plaintiff Brandon Scott currently resides in Mustang, Canadian County, Oklahoma.

15.     Plaintiff Albert Diana currently resides in Campbell, Mahoning County, Ohio.

**JURISDICTION AND VENUE**

16.     This Court has original subject matter jurisdiction to hear this Amended Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that Plaintiff Wilmoth's action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

17.     This Court has original subject matter jurisdiction to hear this Amended Complaint and to adjudicate the claims stated herein under 28 U.S.C. 1332(a) and § 1332(d)(2)(A) ("the Class Action Fairness Act") for the claims being brought under the IMWL and MFWSA.

18.     This Court has original subject matter jurisdiction to hear this Complaint and to adjudicate the claims of Plaintiffs Scott and Diana stated herein under 28 U.S.C. § 1332(a) in that this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

19.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for all Illinois and Ohio state statutory claims asserted herein.

20.     The Court has personal jurisiction over the Defendant Steak N Shake, Inc. as an Indiana Corporation with its principal place of business located in the Southern District of Indiana.

21.     The Court has personal jurisdiction over the Defendant Sardar Bigalri as the President and Chief Executive Officer of Defendant Steak N Shake, Inc. who is officed in Steak N Shake's principal place of business located in the Southern District of Indiana.

22. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), since the Defendants conduct business, are head-quartered in, and can be found in the Southern District of Indiana, and the cause of action set forth herein has arisen and occurred in part in New Castle, Henry County, Indiana. Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within Indiana and this judicial district.

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

23. Each of Defendants' retail restaurants are modeled to be staffed with the following positions that Defendants designated as exempt from overtime pay within the past three years of this filing (listed in their respective chain of supervision): "General Manager," "Restaurant Manager" [at some, but not all locations], and one or more "Managers."

24. In addition to these designated overtime exempt positions set forth in paragraph 21, Defendants also employ numerous employees they have designated as overtime eligible (or nonexempt) at each retail restaurant such as Operation Supervisors, Production Trainers, Service Trainers, Production Workers, and Servers (hereafter collectively referred to as "nonexempt restaurant workers").

25. Regardless of location, Defendants have a uniform corporate-wide job description for Managers setting forth their alleged job duties, requirements, responsibilities and designating this position as exempt from overtime pay.

26. Regardless of location, all of Defendants' Managers, including the Plaintiffs, have the same or similar primary job duties which are controlled in every aspect by Defendants' centralized corporate policies and procedures.

27. Regardless of location, the Plaintiffs' and other Managers' primary job duties involve spending the vast majority of their time performing the job tasks of nonexempt

restaurant workers, whereby they exercised little to no managerial responsibilities, were not free from supervision, and were effectively paid an hourly rate equivalent to the nonexempt restaurant workers. If Plaintiffs and other similarly situated employees failed to perform these primary duties, the restaurant operation would fail.

28. Regardless of location, within three years of filing this Amended Complaint, the Defendants classified all Managers, including the Plaintiffs, as exempt from overtime compensation under the FLSA, IMWL, and the MFWSA.

29. During their employment with the Defendant as a Managers, the Plaintiffs and other similarly situated employees, were routinely scheduled on a weekly basis to work 50 hours per workweek.

30. Plaintiffs, and other similarly situated employees, never received overtime pay for hours worked in excess of forty per workweek and would also have weeks where they worked in excess of 50 hours.

31. On February 26, 2019, a federal jury returned a verdict on behalf of a class of Managers working at Defendants' corporate owned restaurants in the Defendants' St. Louis Group Market under the FLSA and Missouri's wage and hour laws, finding that this position was not exempt from overtime pay under the FLSA's executive, administrative, and combination exemptions and that overtime was owed these Managers. *See Drake, et al. v. Steak N Shake, Inc.*, case no. E.D.Mo. 4:14-cv-1535-JAR (Doc. 324).[1]

32. Defendant Sardar Biglari, in his position as President and CEO of Steak N Shake, Inc., exerts control over areas of management at corporate owned restaurants throughout the United States. He determined the terms and conditions of employees'

---

[1] The court entered its final judgment and order granting liquidated damages for Steak N Shake, Inc. Managers. *Drake v. Steak N Shake Operations, Inc*, 4:14-CV-01535-JAR, 2019 WL 2075895 (E.D. Mo. May 10, 2019).

6

employment, and in particular to the allegations made herein regarding Managers, and was responsible for deciding that Managers were overtime exempt—even after a federal jury and court concluded otherwise two years earlier in *Drake, supra*. Up through the filing of this Amended Complaint, Defendants continue to treat Managers as overtime exempt.

33. Upon information and belief, Defendants did not keep accurate records of all hours worked by Plaintiff and others similarly situated as required by the FLSA.

34. Plaintiff Wilmoth was employed by Defendants as an exempt "Manager" from approximately September 2018 through January 2019. Plaintiff worked at Defendants' Steak N Shake restaurant located at 23 Executive Drive, New Castle, Henry County, Indiana.

35. On a weekly basis while working as a Manager, the Plaintiff Wilmoth worked an average of approximately 50-52 hours per week.

36. Plaintiff Scott was employed by Defendants as a "Manager" for approximately four to five years through on or about June 2019. Prior to that, he worked as an hourly nonexempt employee. Plaintiff worked at Defendants' Steak N Shake restaurant located at 4240 Venture, Dr., Peru, LaSalle County, Illinois.

37. On a weekly basis while working as a Manager, the Plaintiff Scott worked an average 50-60 hours per week.

38. Plaintiff Diana was employed by Defendants as a "Manager" from approximately 2015 to 2020. Plaintiff worked at Defendants' Steak N Shake restaurant located at 5555 Youngstown Warren Rd., Niles, Trumbull County, Ohio.

39. On a weekly basis while working as a Manager, the Plaintiff Diana worked an average of 53-56 hours per week.

## COUNT I
## COLLECTIVE CLASS ACTION CLAIM UNDER FLSA

40. Plaintiff Wilmoth, on behalf of herself and others similarly situated, re-alleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

42. Plaintiff Wilmoth files this action on behalf of herself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b). The proposed collective for the FLSA claims is defined as follows:

> All persons who worked, or will work during the liability period, as Managers for Defendants at its corporate owned "Steak 'n Shake" restaurants located in the United States at any time within three years prior to the filing of the Complaint — but excluding the covered period of time for persons who consented to join and participated in the settlement agreement reached in *Drake, supra*, [the *Drake* settlement also included FLSA opt-in plaintiff Managers from a related matter: *Clendenen, et al. v. Steak N Shake, Inc.*, case no.: E.D.Mo. 4:17-cv-1506][2] (hereafter Plaintiff's proposed class is referred to as the "FLSA Collective").

43. This Amended Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because the claims of the Plaintiff are similar to the FLSA Collective.

44. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of 40 hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

---

[2] The court in *Drake* approved a global settlement which included the *Clendenen* opt-in class of plaintiff Managers. *See Drake v. Steak N Shake, Inc.*, 4:14-CV-1535-JAR, 2019 WL 12104295, at *1 (E.D. Mo. July 26, 2019).

45. Plaintiff Wilmoth, and the FLSA Collective, are similarly situated in that they are all subject to Defendants' same policies and procedures governing every aspect of their job duties, all routinely work(ed) in excess of 40 hours per workweek, perform the same or similar primary duties, and are all subject to the same pay policy and practice of failing to pay Managers' overtime for hours worked in excess of forty per workweek.

46. Defendants are liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff Wilmoth and the FLSA Collective for overtime pay owed.

47. Plaintiff Wilmoth and the FLSA Collective are victims of Defendants' widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

49. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff Wilmoth and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

50. The Plaintiff Wilmoth and the FLSA Collective have suffered from Defendants' common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## PRAYER FOR RELIEF

Plaintiff Alicia Wilmoth, on behalf of herself and the FLSA Collective, seek the following relief:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendants finding they failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay for all overtime hours worked as required under the FLSA;

c) Judgment against Defendants for Plaintiff and those similarly situated for damages for unpaid overtime pay;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendants' violations of the FLSA are willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of prejudgment interest (to the extent liquidated damages are not awarded);

h) Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i) Leave to amend to add additional state law claims; and

j) All further relief as the Court deems just and equitable.

## COUNT II
## RULE 23 CLASS UNDER THE IMWL

51. Plaintiff Scott, on behalf of himself and others similarly situated, re-alleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

52. Plaintiff Scott brings his overtime wage claim pursuant to the IMWL 820 ILCS 105/1, *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked, or will work during the liability period, as Managers for Defendants at all corporate owned retail restaurants located in the State of

Illinois at any time within three years prior to the filing of this Amended Complaint—but excluding the covered period of time for persons who consented to join and participated in a settlement for a collective class of Illinois Managers in *Clendenen, et al. v. Steak N Shake, Inc.*, case no.: W.D.Mo. 4:17-cv-1506—(hereafter "Illinois Class").

53. The ILML, 820 ILCS § 105/4a(1) requires that all employers such as Defendants shall pay employees nothing less than one and one-half times their regular rate of pay for all hours worked in excess of forty per workweek.

54. Defendants violated 820 ILCS § 105/4a(1) by failing to compensate Plaintiff Scott and Illinois Class members the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty per workweek, and therefore, owes them this compensation.

55. Class action treatment of Plaintiff Scott's Illinois overtime claim is appropriate because, as alleged in paragraphs 56-61 *infra*, all of Federal Rule of Civil Procedure Rule 23's class action requisites are satisfied.

56. The Illinois Class includes over one hundred individuals and, as such, is so numerous that joinder of all class members is impracticable.

57. Plaintiff Scott is a member of the Illinois Class, and his overtime claim is typical of the claims of other Illinois Class members. For example, Plaintiff and the Illinois Class members share an identical legal and financial interest in obtaining a judicial finding that Defendant violated Illinois wage laws when it failed to pay them overtime compensation for hours worked over 40 per workweek. Plaintiff has no interests that are antagonistic to or in conflict with the Illinois Class' collective interest in obtaining such a judicial finding.

58. Plaintiff Scott will fairly and adequately represent the interests of the Illinois Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Illinois Class.

59. Questions of law and fact are common to the class. The Plaintiff Scott and the Illinois Class have been subjected to the common business practices described in paragraphs 21-31, *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether the Defendants paid any overtime premium for hours worked in excess of forty per work week and whether the Plaintiff and the Illinois Class worked in excess of forty hours per work week. Common questions of law include, *inter alia*, whether Defendants' company-wide practice of paying Managers a salary and classifying them as exempt from overtime compensation violated the Illinois wage laws.

60. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Illinois Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Illinois Class members.

61. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 59 *supra*, predominate over any questions affecting only individual Illinois Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

62. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Illinois Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay.

**PRAYER FOR RELIEF**

Plaintiff Brandon Scott, on behalf of himself and the Illinois Class, seek the following relief:

a) Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Illinois Class and issuance of notice to said members apprising them of the pendency of this action;

b) Designation of Brandon Scott as Representative Plaintiff of the Illinois Class;

c) Designation of Brendan J. Donelon and Daniel W. Craig, of the law office of Donelon, P.C., and Pete Winebrake and Andy Santillo of Winebrake & Santillo, LLC, as the attorneys representing the Illinois Class;

d) A declaratory judgment that the practices complained of herein are unlawful under IMWL, 208 ILCS § 105/1, *et seq.*;

e) An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f) An award of liquidated damages due the Plaintiff and Illinois Class as permitted under 820 ILCS § 105/12(a), to be paid by Defendants;

g) Costs and expenses of this action incurred herein, including reasonable attorneys' fees and costs as permitted under 820 ILCS § 105/12(a);

h) Pre-Judgment and Post-Judgment interest, as provided by law; and

i) Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

**COUNT III**
**RULE 23 CLASS UNDER OHIO'S MFWSA**

63. Plaintiff Diana, on behalf of himself and others similarly situated, re-alleges and incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

64. Plaintiff Diana brings his overtime wage claim pursuant to Ohio's MFWSA, O.R.C. § 4111, *et seq.*, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class:

> All persons who worked, or will work during the liability period, as Managers for Defendants at all corporate owned retail restaurants located in the State of Ohio at any time within three years prior to the filing of this Amended Complaint—but excluding the covered period of time for persons who consented to join and participated in a settlement for a collective class of Ohio Managers in *Clendenen, et al. v. Steak N Shake, Inc.*, case no.: E.D.Mo. 4:17-cv-1506—(hereafter "Ohio Class").

65. O.R.C. § 4111.03 requires that all employers such as Defendants shall pay employees nothing less than one and one-half their regular rate of pay for all hours worked in excess of forty hours per workweek.

66. Defendants violated O.R.C. § 4111.03 by failing to compensate Plaintiff Diana and Ohio Class members the overtime pay rate of one and one-half times their regular pay rate for hours worked in excess of forty hours per workweek, and therefore, owes them this compensation.

67. Class action treatment of Plaintiff Diana's Ohio overtime claim is appropriate because, as alleged in paragraphs 68-73 *infra*, all of Federal Rule of Civil Procedure Rule 23's class action requisites are satisfied.

68. The Ohio Class includes over one hundred individuals and, as such, is so numerous that joinder of all class members is impracticable.

69. Plaintiff Diana is a member of the Ohio Class, and his overtime claim is typical of the claims of other Ohio Class members.  For example, Plaintiff and the Ohio Class members share an identical legal and financial interest in obtaining a judicial finding that Defendants violated Ohio wage laws when it failed to pay them overtime compensation for hours worked over 40 per workweek.  Plaintiff has no interests that are antagonistic to or in conflict with the Ohio Class' collective interest in obtaining such a judicial finding.

70. Plaintiff Diana will fairly and adequately represent the interests of the Ohio Class, and he has retained competent and experienced counsel who will effectively represent the interests of the Ohio Class.

71. Questions of law and fact are common to the class. The Plaintiff Diana and the Ohio Class have been subjected to the common business practices described in paragraphs 21-31, *supra*, and the success of their claims depends on the resolution of common questions of law and fact. Common questions of fact include whether the Defendants paid any overtime premium for hours worked in excess of forty hours per work week and whether the Plaintiff and the Ohio Class worked in excess of forty hours per work week. Common questions of law include, *inter alia*, whether Defendants' company-wide practice of paying Managers a salary and classifying them as exempt from overtime compensation violated the Ohio wage laws.

72. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual Ohio Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of non-party Ohio Class members.

73. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact, as referenced in paragraph 71 *supra*, predominate over any questions affecting only individual Ohio Class members. In the absence of class litigation, such common questions of law and fact would need to be resolved in multiple proceedings, making class litigation superior to other available methods for the fair and efficient adjudication of this litigation.

74. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff Diana and the Ohio Class have suffered, and will continue to suffer, a loss of income in the form of lost overtime pay.

**PRAYER FOR RELIEF**

Plaintiff Albert Diana, on behalf of himself and the Ohio Class, seek the following relief:

j)  Designation of this action as a class action under FED.R.CIV.P. 23 on behalf of the Ohio Class and issuance of notice to said members apprising them of the pendency of this action;

k)  Designation of Albert Diana as Representative Plaintiff of the Ohio Class;

l)  Designation of Brendan J. Donelon and Daniel W. Craig, of the law office of Donelon, P.C., and Pete Winebrake and Andy Santillo of Winebrake & Santillo, LLC, as the attorneys representing the Ohio Class;

m)  A declaratory judgment that the practices complained of herein are unlawful under Ohio's wage laws, O.R.C. § 4111, *et seq.*;

n)  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

o)  An award of damages for double the amount of overtime compensation due the Plaintiff and Ohio Class as permitted under Ohio Const. Art. II, § 34a, to be paid by Defendants;

p)  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and costs as permitted under O.R.C. § 4111.10;

q)  Pre-Judgment and Post-Judgment interest, as provided by law; and

r)  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Request for Jury Trial

The Plaintiff hereby requests a jury trial to be held in Indianapolis, Indiana for all claims asserted herein.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:  (816) 221-7100
Fax:  (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig*
6642 Clayton Road, #320
St. Louis, Missouri 63117
Tel:  (314) 297-8385
Fax:  (816) 709-1044
dan@donelonpc.com

Pete Winebrake**
R. Andrew Santillo**
**Winebrake & Santillo, LLC**
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

**Attorneys for Plaintiff**

*\*admitted pro hac vice*
*\*\* motion for pro hac vice forthcoming*