# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ALICIA WILMOTH, BRANDON SCOTT, AND ALBERT DIANA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>STEAK N SHAKE, INC. (AN INDIANA CORPORATION),<br><br>AND<br><br>SARDAR BIGLARI,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:21-cv-1507-TWP-MG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF REBEKAH NEVIN**

I, Rebekah Nevin, am over the age of 18, am competent to address the matters contained herein, and make this declaration based on personal knowledge:

1. I have worked for Steak n Shake, Inc. ("Steak n Shake") since 2008. From 2008 to 2016, I worked, progressively, in the roles of Crew, Manager in Training, Manager, Restaurant Manager, and General Manager/Training Store General Manager. From 2016 to the present, I have worked in my current role of Employee Relations Manager. Based on my work and job duties, I am knowledgeable about Steak n Shake restaurants, the Manager job role for those restaurants, the Arbitration Agreements for those Managers, the process by which those Managers agreed to the Arbitration Agreements, and all of the other matters addressed herein.

2. Throughout the United States, and including in Indiana, Illinois, and Ohio, the corporate entity known as Steak n Shake, Inc. owns and operates some Steak n Shake restaurants, and thus they are sometimes referred to as the "corporate-owned restaurants." By contrast, other

Steak n Shake restaurants are owned and operated by franchisees or franchise partners separately and independently from Steak n Shake, Inc.

3.  In this declaration, when I refer to Steak n Shake, Inc., I am referring exclusively to Steak n Shake, Inc. and its corporate-owned Steak n Shake restaurants, and not to the franchisees, franchise partnerships, the restaurants they separately and independently own and operate, or the Managers who work at those restaurants.

4.  On or about December 17, 2019, Steak n Shake began to roll out to its Managers a mutual Arbitration Agreement. *See, e.g.*, Arbitration Agreement, attached as Exhibit A-1. Steak n Shake did so via POS Communication Center, its point-of-sale system's communication center. After the roll-out, when the Manager logged into POS Communication Center, there was a message from Steak n Shake's Director of Human Resources, which advised the Manager:

- "Please review the [Arbitration] Agreement carefully and click the acknowledgement button to affix your electronic signature to it." (Exhibit A-1, Arbitration Agreement, Introductory Message dated December 17, 2019.)

- "If you have questions about the [Arbitration] Agreement, please do not hesitate to contact Human Resources at HRManagers@steaknshake.com." (*Id.*)

- "If you would like an electronic copy of the [Arbitration] Agreement please send a written request to HRManagers@steaknshake.com." (*Id.*)

5.  Immediately after this message was the Arbitration Agreement, which states, in part:

- "This [Arbitration] Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce." (*Id.* ¶ 1, "How this Agreement Applies.")

- "[T]his [Arbitration] Agreement applies to any dispute, past, present, or future, that the [Steak n Shake] may have against you or that you may have against: (1) [Steak n Shake; [and] (2) its officers, directors, principals, shareholders, members, owners, associates, or agents[.]" (*Id.*)

- "All disputes covered by this [Arbitration] Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial." (*Id.*)

- "[T]his [Arbitration] Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, including without limitation, to disputes arising out of or relating to the … Fair Labor Standards Act, … and state statutes or regulations, if any, addressing the same or similar subject matters, and all other federal or state legal claims … arising out of or relating to your … employment[.]" (*Id.*)

- "[T]he Arbitrator, and not any court, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability or waiver of this [Arbitration] Agreement, including, but not limited to any claim that all or any part of this [Arbitration] Agreement is void or voidable. However, as stated in the 'Class and Collective Action Waivers' section below, the preceding sentence does not apply to the Class Action Waiver and/or Collective Action Waiver. (*Id.*)

- [Steak n Shake] and you agree to bring any claim on an individual basis and not on a class and/or collective action basis. Accordingly, (a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver"). … (b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action and the Arbitrator will have no authority to hear or preside over any such claim ("Collective Action Waiver"). (*Id.* ¶ 5, "Class and Collective Action Waivers.")

6. The [Arbitration] Agreement's final paragraph, just above the area reflecting the Manager's review, acknowledgment, and signature of the Arbitration Agreement, states:

"By my eSignature below, I certify that I have read, fully understand and accept all terms of the foregoing statement, including without limitation, the terms of the Arbitration Agreement, which requires Steak N Shake and I to arbitrate covered claims. Please signify your acceptance by entering the information requested in the fields below.

(*Id.* ¶ 12, "Validity of Electronic Signature.")

7. Finally, if the Manager opted to acknowledge and sign the Arbitration Agreement, POS Communication Center captured the Manager's agreement by automatically and

electronically recording the Manager's ID number, the Manager's name, the date, and the Manager's store number. (*Id.* at page 4.)

8.  As part of its regular course of business, Steak n Shake maintains as the POS Communication Center point-of-sale system and the records it generates, including the Arbitration Agreements signed by the Managers discussed herein.

9.  Additionally, in some circumstances, a Manager was provided a physical copy of the mutual Arbitration Agreement and advised that continued employment for five days after receipt constituted agreement to and acceptance of the mutual Arbitration Agreement, and at least one Manager agreed to the mutual Arbitration Agreement in that manner. This mutual Arbitration Agreement was otherwise identical to the one presented via POS Communication Center. As part of its regular course of business, Steak n Shake also maintains these records.

10. Steak n Shake's records reflect that, between September 18, 2018, and September 18, 2021, a total of 908 Managers worked at corporate-owned Steak n Shake restaurants. Steak n Shake's records further reflect that, of those 908 Managers, 157 signed or otherwise agreed to an Arbitration Agreement. Steak n Shake has maintained records of the Arbitration Agreements for these 157 Managers, and true and correct copies of them are bundled together and attached as Exhibit A-2. The below chart summarizes information about these Managers.

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 101217 |
| Omitted | 598270 |
| Omitted | 101721 |

---

[1] The names of Managers who have not opted into the above-captioned lawsuit are omitted.

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 718778 |
| Omitted | 102075 |
| Omitted | 566704 |
| Omitted | 444351 |
| Omitted | 501674 |
| Omitted | 727400 |
| Omitted | 512968 |
| Omitted | 283703 |
| Omitted | 401134 |
| Omitted | 756369 |
| Omitted | 759654 |
| Omitted | 649562 |
| Omitted | 522739 |
| Omitted | 470076 |
| Omitted | 662858 |
| Omitted | 178277 |
| Omitted | 185818 |
| Omitted | 671327 |
| Omitted | 685893 |
| Omitted | 103459 |
| Omitted | 533609 |
| Omitted | 762471 |
| Omitted | 640194 |

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 511969 |
| Omitted | 493917 |
| Omitted | 695323 |
| Omitted | 740240 |
| Omitted | 594344 |
| Omitted | 646227 |
| Omitted | 680380 |
| Omitted | 736187 |
| Omitted | 434403 |
| Omitted | 674003 |
| Omitted | 753317 |
| Omitted | 748524 |
| Omitted | 516365 |
| Diana, Albert | 631523 |
| Omitted | 105535 |
| Omitted | 667879 |
| Omitted | 732415 |
| Omitted | 723472 |
| Omitted | 711463 |
| Omitted | 106029 |
| Omitted | 507051 |
| Omitted | 503404 |
| Omitted | 760434 |

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 669958 |
| Omitted | 521337 |
| Omitted | 706609 |
| Omitted | 664166 |
| Omitted | 440405 |
| Omitted | 729719 |
| Omitted | 651234 |
| Omitted | 674254 |
| Omitted | 639584 |
| Omitted | 675262 |
| Omitted | 108226 |
| Omitted | 574509 |
| Omitted | 714749 |
| Omitted | 501391 |
| Omitted | 444796 |
| Omitted | 673776 |
| Omitted | 711872 |
| Omitted | 695230 |
| Omitted | 668282 |
| Omitted | 694324 |
| Omitted | 109053 |
| Omitted | 759048 |
| Omitted | 298385 |

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 603842 |
| Omitted | 757104 |
| Omitted | 685597 |
| Omitted | 524515 |
| Omitted | 734374 |
| Omitted | 707120 |
| Omitted | 638149 |
| Omitted | 488950 |
| Omitted | 275425 |
| Omitted | 692912 |
| Omitted | 711789 |
| Omitted | 546018 |
| Omitted | 589586 |
| Omitted | 760186 |
| Omitted | 594663 |
| Omitted | 722574 |
| Omitted | 736413 |
| Omitted | 666094 |
| Omitted | 604225 |
| Omitted | 605260 |
| Omitted | 475156 |
| Omitted | 730284 |
| Omitted | 584270 |

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 584313 |
| Omitted | 633960 |
| Omitted | 734352 |
| Omitted | 552564 |
| Omitted | 568660 |
| Omitted | 753001 |
| Omitted | 677477 |
| Omitted | 745937 |
| Omitted | 112013 |
| Omitted | 716554 |
| Omitted | 710186 |
| Omitted | 649578 |
| Omitted | 616410 |
| Omitted | 526755 |
| Omitted | 710511 |
| Omitted | 539268 |
| Omitted | 757103 |
| Omitted | 583269 |
| Omitted | 724342 |
| Omitted | 421357 |
| Omitted | 744666 |
| Omitted | 529754 |
| Omitted | 758626 |

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 509316 |
| Omitted | 116738 |
| Omitted | 761756 |
| Omitted | 521377 |
| Omitted | 742053 |
| Omitted | 683380 |
| Omitted | 762123 |
| Omitted | 690993 |
| Omitted | 756615 |
| Omitted | 291850 |
| Omitted | 670979 |
| Omitted | 730433 |
| Omitted | 756912 |
| Omitted | 592906 |
| Omitted | 735883 |
| Omitted | 579013 |
| Omitted | 413715 |
| Omitted | 733861 |
| Omitted | 756144 |
| Omitted | 481751 |
| Omitted | 729714 |
| Omitted | 734344 |
| Omitted | 606230 |

| Manager's Name[1] | Manager's Employee ID |
|---|---|
| Omitted | 659038 |
| Omitted | 719645 |
| Omitted | 616858 |
| Omitted | 760741 |
| Omitted | 119116 |
| Omitted | 761519 |
| Omitted | 568304 |
| Omitted | 418410 |
| Omitted | 643156 |
| Omitted | 735846 |
| Omitted | 619479 |
| Omitted | 275423 |
| Omitted | 569445 |
| Omitted | 687795 |
| Omitted | 429355 |
| Omitted | 560304 |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this __28th__ of __October__, 2021.

_Rebekah Nevin_
Rebekah Nevin

48963569.v4-OGLETREE