# EXHIBIT A-1

## Message from HR - Arbitration Agreement

december 17, 2019

**VIA POS communication center**

    Re:    Steak n Shake Arbitration Agreement

Dear Managers and Associates:

Steak n Shake Inc. is rolling out its Arbitration Agreement ("Agreement"). Steak n Shake believes arbitration to be a more efficient method than litigation for Steak n Shake and its associates to resolve certain disputes that may arise from the employment relationship between Steak n Shake and an associate. Please review the Agreement carefully and click the acknowledgement button to affix your electronic signature to it.

If you have questions about the Agreement, please do not hesitate to contact Human Resources at HRManagers@steaknshake.com.  If you would like an electronic copy of the Agreement please send a written request to HRManagers@steaknshake.com.

Thank you very much.

Sincerely,


**Steven E. Mincin, PHR, SHRM-CP**
Steak 'n Shake
Director of Human Resources

### ARBITRATION AGREEMENT

1. **How This Agreement Applies.**     This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. Except as it otherwise provides, this Agreement applies to any dispute arising out of or related to Associate's (sometimes also referred to as "you" or "your") application or selection for employment, employment, and/or termination of employment with Steak N Shake Inc. or one of its affiliates, subsidiaries or parent companies ("Company"). Except as otherwise provided in this Agreement, this Agreement applies to any dispute, past, present, or future, that the Company may have against you or that you may have against: (1) Company; (2) its officers, directors, principals, shareholders, members, owners, associates, or agents; (3) Company's benefit plans or the plan's sponsors, fiduciaries, administrators, affiliates, or agents; and (4) all successors and assigns of any of them. Each and all of the entities or individuals listed in (1) through (4) of the preceding sentence can enforce this Agreement. **All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial.**  Nothing contained in this Agreement shall be construed to prevent or excuse you or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration, including without limitation, to disputes arising out of or relating to the application for employment, background checks, privacy, employment relationship, or the termination of that relationship (including post-employment defamation or retaliation), trade secrets, unfair competition, compensation, classification, minimum wage, expense reimbursement, overtime, breaks and rest periods, or retaliation, discrimination, or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Civil Rights Act of 1964, 42 U.S.C. §1981, Rehabilitation Act, Civil Rights Acts of 1866 and 1871, Civil Rights Act of 1991, 8 U.S.C. § 1324b (unfair immigration related practices), 41 U.S.C. § 4712, Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Occupational Safety and Health Act, Family and Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining

Notification Act, Consolidated Omnibus Budget Reconciliation Act of 1985, the False Claims Act, and state statutes or regulations, if any, addressing the same or similar subject matters, and all other federal or state legal claims (including without limitation torts) arising out of or relating to your application, selection, employment, or the termination of employment.

Additionally, except as this Agreement otherwise provides the Arbitrator, and not any court, shall have exclusive authority to resolve any dispute relating to the validity, applicability, enforceability, unconscionability or waiver of this Agreement, including, but not limited to any claim that all or any part of this Agreement is void or voidable.  However, as stated in the "Class and Collective Action Waivers" section below, the preceding sentence does not apply to the Class Action Waiver and/or Collective Action Waiver.

2. **Limitations On How This Agreement Applies.**  The following claims are not covered under this Agreement: (i) Workers' Compensation benefits, state disability insurance benefits or unemployment insurance benefits; however, the Agreement applies to discrimination or retaliation claims based upon seeking such benefits; (ii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; and (iii) representative actions for civil penalties filed under the California Private Attorney General Act ("PAGA").

Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, Occupational Safety and Health Administration, or law enforcement authorities. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement.  This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement.  Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

A party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy in accordance with applicable law, and any such application shall not be deemed incompatible with or waiver of this agreement to arbitrate. The court to which the application is made is authorized to consider the merits of the arbitrable controversy to the extent it deems necessary in making its ruling, but only to the extent permitted by applicable law. All determinations of final relief, however, will be decided in arbitration.

3. **Arbitration Procedures and Selection.** Unless you and Company mutually agree otherwise, the Arbitrator shall be an attorney experienced in arbitrating employment law disputes and licensed to practice law in the state in which the arbitration is convened or a retired federal or state judicial officer from any jurisdiction.  The location of the arbitration proceeding shall be no more than 45 miles from the place and in the same state where you last worked for the Company, unless each party to the arbitration agrees in writing otherwise.

The arbitration will be administered by the American Arbitration Association ("AAA"), and except as provided in this Agreement, will be under the then current AAA Employment Arbitration Rules ("AAA Rules") (the AAA Rules are available through Human Resources or via the internet at [www.adr.org/employment](www.adr.org/employment) or by using a service such as [www.google.com](www.google.com) to search for "AAA Employment Arbitration Rules"); provided however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern.

The parties shall attempt to mutually choose an Arbitrator, but in the event the parties do not mutually choose an arbitrator, the Arbitrator will be selected as follows: The AAA will give each party a list of nine (9) arbitrators (who are subject to the qualifications listed in the preceding paragraph) drawn from its panel of arbitrators.  Each party will have ten (10) calendar days to strike all names on the list it deems unacceptable.  If only one common name remains on the lists of all parties, that individual will be designated as the Arbitrator.  If more than one common name remains on the lists of all parties, the parties will strike names alternately from the list of common names by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one remains. If no common name remains on the lists of all parties, the AAA will furnish an additional list of nine (9) arbitrators from which the parties will strike alternately by telephone conference administered by AAA, with the party to strike first to be determined by a coin toss conducted by AAA, until only one name remains.  That person will be designated as the Arbitrator.  If the individual selected cannot serve, AAA will issue another list of nine (9) arbitrators and repeat the alternate striking selection process.  If for any reason the AAA will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator.

The Arbitrator may award any remedy to which a party is entitled under applicable law, but remedies will be limited to those that would be available to a party in his or her individual capacity for the claims presented to the Arbitrator, and no remedies that otherwise would be available to an individual under applicable law will be forfeited. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. Either party may file dispositive motions, including without limitation a motion to dismiss and/or a motion for summary judgment, and the Arbitrator will apply the standards governing such motions under the Federal Rules of Civil Procedure.

4. **Starting The Arbitration.** The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department at 107 South Pennsylvania, Street, Suite 400, Indianapolis, Indiana 46204 or at **Legal@steaknshake.com**. You will be given notice of any demand for arbitration by the Company at the last home address you provided to the Company. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

5. **Class and Collective Action Waivers.** The Company and you agree to bring any claim on an individual basis and not on a class and/or collective action basis. Accordingly,

   (a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action and the Arbitrator will have no authority to hear or preside over any such claim ("Class Action Waiver"). The Class Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction—not in arbitration.

   (b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action and the Arbitrator will have no authority to hear or preside over any such claim ("Collective Action Waiver"). The Collective Action Waiver shall be severable from this Agreement if there is a final judicial determination that the Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction—not in arbitration.

Regardless of anything else in this Agreement and/or the AAA Rules, or any amendments and/or modifications to those rules, any claim that all or part of the Class Action Waiver and/or Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable, may be determined only by a court of competent jurisdiction and not by an arbitrator.

6. **Discovery and Subpoenas:** Discovery will be conducted in accordance with the AAA Rules. Each party may take the deposition of two individual fact witnesses and any expert witness designated by another party. Each party may also propound no more than 25 interrogatories, 25 requests for admission, or 25 requests production of documents, and each party may subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties. The subpoena shall be issued in accordance with any applicable state or federal law. Additional discovery may be conducted by mutual stipulation, and the Arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests based on the circumstances of a particular case. The Arbitrator will have exclusive authority to resolve discovery disputes.

7. **Paying For The Arbitration.** You and the Company shall follow the AAA Rules applicable to initial filing fees, but in no event will you be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. After you pay your portion of any initial filing fee, the Company shall pay any remaining portion of the initial fee and also will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees. Each party will pay for its own costs and attorneys' fees, if any, but if any party prevails on a claim which affords the prevailing party attorneys' fees, the Arbitrator is authorized to award reasonable fees to the prevailing party as provided by law. The Arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

8. **The Arbitration Hearing And Award.** The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

9. **Consideration.** The mutual obligations by the Company and Associate to arbitrate disputes provide adequate consideration for this Agreement.

10. **Non-Retaliation.** It is against Company policy for any Associate to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Company's Human Resources at HRManagers@steaknshake.com with a copy to the Legal Department at 107 South Pennsylvania, Street, Suite 400, Indianapolis, Indiana 46204 or at Legal@steaknshake.com.

11. **Enforcement Of This Agreement.** This Agreement is the full and complete agreement about arbitration of disputes covered by this Agreement. Any contractual disclaimers the Company has in any handbooks, other agreements, or policies do not apply to this Agreement. This Agreement will survive the termination of your employment and the expiration of any benefit, and it will continue to apply upon your transfer to any parent, subsidiary or affiliate of the Company or re-employment by the Company if your employment is ended but later renewed. Subject to the Class and Collective Action Waivers section above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

12. **Validity of Electronic Signature.** Please note that an e-signature is the electronic equivalent of a hand-written signature and has the same legal effect as a handwritten signature, and by providing the information requested below, you are agreeing and authorizing the use of an electronic means of assent to show your agreement and approval to this Arbitration Agreement.

By my eSignature below, I certify that I have read, fully understand and accept all terms of the foregoing statement, including without limitation, the terms of the Arbitration Agreement, which requires Steak N Shake and I to arbitrate covered claims. Please signify your acceptance by entering the information requested in the fields below.

| | |
|---|---|
| **REVIEWED AND ACKNOWLEDGED BY ID :** | 631523 |
| **REVIEWED AND ACKNOWLEDGED BY NAME :** | ALBERT DIANA |
| **ACKNOWLEDGEMENT DATE :** | 12/27/2019 4:03:11 PM |
| **STORE NUMBER :** | 506 |