IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALICIA WILMOTH, BRANDON SCOTT, and ALBERT DIANA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,<br>     Plaintiffs,<br><br>v.<br><br>STEAK N SHAKE, INC. (An Indiana Corporation),<br><br>and<br><br>SARDAR BIGLARI,<br>     Defendants. | Case No. 1:21-cv-1507-TWP-MG |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION PROPOSAL FOR FORM OF NOTICE TO PUTATIVE PLAINTIFFS**

**INTRODUCTION**

Defendants stipulated to nationwide conditional collective action certification of Plaintiffs' claims they were misclassified under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). However, Defendants oppose Plaintiffs' request to disseminate notice of the conditionally certified collective action by e-mail, website, and text, as well as a reminder notice. In particular, Plaintiffs' requests cross the line from notification to actively soliciting Plaintiffs. Likewise, the redundancy, coupled with the absence of this Court's control over the content of communications, justify an order limiting the form of notice. For this reason, and the reasons set forth below, Defendants ask the Court to exercise its discretion by limiting notice distribution to First Class mail.

**BACKGROUND**

Plaintiffs are current and former Managers who were employed by Defendant Steak n Shake, Inc. ("Steak n Shake"). Doc. 6, at ¶¶ 1-3. Plaintiffs also allege they were employed by

Defendant Sardar Biglari '("Biglari"). *Id*. According to Plaintiffs, they, and other Managers, were misclassified as exempt from federal overtime requirements, as well as overtime requirements under Illinois and Ohio law. Doc. 6, *passim*.

Plaintiffs moved this Court for its order granting them conditional collective action certification. Docs. 43-44. The parties stipulated to conditional collective action certification; the Court acknowledged the parties' stipulation. Docs. 61 and 62. In their motion seeking conditional collective "Plaintiffs request that Defendants provide the class members' names, dates of employment, last known mailing address, phone number, and personal e-mail addresses." Doc. 44, at 20-21. Without evidentiary support, Plaintiffs baldy assert "persons who work in the Manager position are relatively low paid workers and are highly transitory individuals who typically rent their place of residence." *Id*., at 21. Likewise, after ostensibly explaining the importance of sending notice by e-mail, Plaintiffs inexplicably speculate that few Steak n Shake's Managers have e-mail accounts and a "constant" for the Managers "is the cell phone number." *Id*., at 23.

One remaining dispute about conditional collective action certification involves distribution of notice to putative plaintiffs. More specifically, Defendants oppose notice dissemination *via* e-mail, website, and text, as well as a reminder notice. Doc. 61, at ¶ 5. The Court granted Defendants leave to file the instant brief. Doc. 64.

## ARGUMENTS AND AUTHORITIES

Limitations on communications with putative plaintiffs are not only encouraged, but required. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). The Supreme Court recognized a district court's discretion regarding notice is not "unbridled" and cautioned notice "is distinguishable in form and function from the solicitation of claims." *Id*. at 174; *see also Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn. 1991) (noting the Court has a

"responsibility to avoid the 'stirring up' of litigation through solicitation"). "[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Sperling*, 493 U.S. at 174. In fact, the notice is intended to be the sole communication between FLSA collective action plaintiffs and putative plaintiffs. *See e.g.*, *Hipp v. Liberty Nat'l Life Ins. Co.*, 164 F.R.D. 574, 576 (M.D. Fla. 1996).

In considering the appropriateness of the method of plaintiff's notice, this Court must "determine what constitutes fair and proper notice based on the facts of each case." *Perrin v. Papa John's Int'l, Inc.*, 2011 WL 4815246, *2 (E.D. Mo. Oct. 11, 2011) (citing *Mowdy v. Beneto Bulk Transport*, 2008 WL 901546, at *9 (N.D. Cal. 2008)). Plaintiffs bear the burden of showing the methods of notice are necessary and reasonable. *See Morales v. Farmland Foods, Inc.*, 2009 WL 2886278, at *6 (D. Neb. July 21, 2009), report and recommendation adopted as modified, No. 8:08CV504, 2009 WL 2886073 (D. Neb. Sept. 4, 2009) (concluding the plaintiffs "failed to provide sufficient evidence to show three methods of notice are necessary or reasonable.").

Plaintiffs request the putative plaintiffs' names, dates of employment, last known mailing address, phone number, and personal e-mail addresses. This information is excessive and will lead to Plaintiffs bombarding putative plaintiffs with redundant information about this suit, thus improperly crossing the rubicon into solicitation. *See Humphries v. Stream Int'l, Inc.*, No. 3:03-CV-1682-D, 2004 U.S. Dist. LEXIS 20465, at *12-13 (N.D. Tex. Feb. 13, 2004) (denying request for personal information and reasoning: "This highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [Plaintiffs'] counsel desires it. Any need for the compelled disclosure of such data is outweighed by the privacy interests of these current and former workers …. And there is no apparent reason to conclude that sending a letter to the person's last known address will be inadequate*.*"). *See also Barnett v.*

*Countrywide Credit Indus.*, No. 3:01-CV-1182-M, 2002 U.S. Dist. LEXIS 9099 (N.D. Tex. May 21, 2002) (concluding "mailing the notice to the potential class members . . . is sufficient to provide the potential opt-in plaintiffs with notice of the suit.").

Courts within this Circuit have limited the manner plaintiffs may use when notifying putative plaintiffs about pending collective actions. *See e.g., Bigger v. Facebook, Inc.,* 375 F.Supp.3d 1007, 1024 (N.D. Ill. 2019) (rejecting proposed reminder notice); *Slaughter v. Caidan Management Company, LLC,* 317 F.Supp.3d 981, 994 (N.D. Ill. 2018), citing *Hudgins v. Total Quality Logistics, LLC*, 2016 WL 7426135, at *6 (N.D. Ill. Dec. 23, 2016) (denying request to send notice by text absent evidence other forms of notice were ineffective); *Woods v. Club Cabaret, Inc.*, 140 F.Supp.3d 775, 784-85 (C.D. Ill. 2015) (denying request for telephone numbers and a reminder notice, noting "once a potential plaintiff receives notice, their options and deadlines are clear. No follow-up notice is required or appropriate."); *Espenscheid v. DirecStat USA, LLC,* No. 09 cv 625 bbc, 2010 WL 2330309, *14 (W.D. Wis. Jun. 7, 2010) (collecting cases from various districts and rejecting e-mail notice due to "the potential for recipients to modify and redistribute email messages"); *Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp.2d 746, 753 (N.D. Ill. 2010) (denying request to send reminder notice, finding it unnecessary and potential encouragement to join); *Petersen v. Marsh USA, Inc.*, No. 10 C 1506, 2010 WL 5423734, at *6 (N.D. Ill. Dec. 23, 2010) (email notice rejected "in the interest of promoting effective notice").

Plaintiffs' broad request for e-mail addresses, telephone numbers, and permission to solicit putative plaintiffs *via* website, would provide them with a Court-sanctioned ability to contact putative plaintiffs at any time, without any limitations to the content or method of contact. Furthermore, the multiplicity of proposed contact is not merely providing notice; it is a poorly shrouded attempt to stir up litigation by repeatedly encouraging others to join this action. This is

the very type of conduct the Supreme Court sought to prevent through the utilization of court-authorized notice. *See Hoffman-La Roche*, 493 U.S. at 170-72 (the Court's oversight is necessary to prevent "the potential for misuse of the class device, as by misleading communications" and to ensure that communications are "timely, accurate, and informative"). Consequently, Plaintiffs have not met their burden of showing, through actual evidence, that multiple forms of notice are necessary and reasonable under the circumstances presented here.

## CONCLUSION

Although Defendants have conceded notice may issue to putative plaintiffs, the purpose of such notice will be adequately served by sending it via First Class mail. Otherwise, the Court will lose control over the content of its approved message. Likewise, redundant notice is no longer mere notice. Absent evidence the parties' agreed notice does not adequately and correctly explain the status of this action and pending deadlines, repeatedly sending messages about the suit smacks of solicitation. For these reasons, Defendants request an Order limiting court-approved notice through a single mailing.

Respectfully Submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/  Patrick F. Hulla
Patrick F. Hulla, admitted Pro Hac Vice
Darin P. Shreves, admitted Pro Hac Vice
4520 Main Street, Suite 400
Kansas City, MO  64111
Telephone:  816-471-1301
Facsimile:  816-471-1303
patrick.hulla@ogletree.com
darin.shreves@ogletree.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Patrick F. Hulla

49695118.v3-OGLETREE